**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**

                                             **Criminal Action No.**
**v.**                                                      **3:97 CR23-J**

**BENJAMIN HORTON, JR.**

**MEMORANDUM OPINION**

Mr. Horton continues to pursue his claim that his sentence should run concurrently with a state sentence. The matter is now before the Court on Mr. Horton's Motion to Amend or Correct and on Mr. Horton's Motion to Modify. After examining the materials of record, the arguments of the parties and the applicable authority, the Court is of the opinion that the motions should be denied.

Mr. Horton entered a plea of guilty to four counts arising from a cocaine conspiracy, and he was sentenced in this Court in September of 1997. At the September 22, 1997 sentencing hearing, counsel made the following statement:

> [W]e have some unfulfilled time that is owed to the Commonwealth of Kentucky in state court. No motion to revoke probation nor a motion for a parole violator's warrant in the state system has been filed. Now that [the federal matter] is brought to conclusion, I can speculate that one may be filed, even though it may be an academic discourse.

Transcript of Sentencing at Page 23. Counsel asked that the Court "consider running this sentence concurrent with any state sentence that may be applicable," and sought leave to "file something." The Assistant United States Attorney expressed the "off the cuff" opinion that it

1

would be "difficult to run a sentence concurrent with a sentence he doesn't have yet." The Court indicated that briefs could be filed and that judgment would be deferred for at least three days. No party elected to file a brief on the issue. As no evidence of an extant state sentence had been presented, the issue of whether the federal sentence would be "consecutive to" or "concurrent with" a state sentence was moot, and the judgment entered on September 30, 1997 did not address it.

Mr. Horton was unsuccessful in his appeal of his sentence. In December of 1999, this Court denied Mr. Horton's motion to amend judgment and commitment order. In July of 2001, Mr. Horton filed a petition pursuant to 28 U.S.C. Sec. 2255. That petition was denied in October of 2001. Mr. Horton did not appeal, but in 2004, he filed a pro se "motion to clarify judgment." Subsequently, he obtained counsel.

The parties disagree as to whether a state sentence has entered (or had entered as of September of 1997), but the disagreement is a matter of characterization rather than an actual factual disagreement. It appears clear that while the pending state charges are a direct result of previous sentences, the charges remain pending. The Commonwealth of Kentucky has *not* acted on the parole violation or probation revocation charges; thus, the charges remain outstanding, any state sentence remains theoretical, and it would be inappropriate to attempt to run the federal sentence concurrently with a theoretical future state sentence.

Mr. Horton suggests that United States v. Booker, 125 S.Ct. 738 (2005) has restored to sentencing judges sufficient discretion to permit a ruling that could benefit Mr. Horton here and justify a different decision. However, in Humphress v. United States, 398 F.3d 855 (6th cir. 2005), the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant

whose convictions were final at the time of its pronouncement. As Mr. Horton's conviction was final more than four years prior to <u>Booker</u>, the Supreme Court decision is not available to assist him in achieving a different decision here.

      A judgment in conformity has this day entered.